IN THE SUPREME COURT OF THE STATE OF DELAWARE

TYRELL M. WATERS,            §
                             §
    Defendant Below,         §   No. 285, 2016
    Appellant,               §
                             §   Court Below—Superior Court
    v.                       §   of the State of Delaware
                             §
STATE OF DELAWARE,           §   Cr. ID Nos. 1412011482,
                             §   1412011591
    Plaintiff Below,         §
    Appellee.                §

Submitted: August 25, 2016
Decided:    October 24, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## **O R D E R**

This 24th day of October 2016, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Tyrell M. Waters, filed this appeal from the Superior Court's May 12, 2016 order sentencing him for a violation of probation ("VOP"). The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Waters' opening brief that the appeal is without merit. We agree and affirm.

(2)    The record reflects that, on June 3, 2015, Waters pled guilty to Possession of Cocaine and Conspiracy in the Third Degree. Waters was sentenced

as follows: (i) for Possession of Cocaine, six months of Level V incarceration, with credit for six days previously served, suspended for one year of Level II probation; and (ii) for Conspiracy in the Third Degree, one year of Level V incarceration, suspended for one year of Level II probation. Waters did not appeal the Superior Court's judgment.

(3) On February 2, 2016 a capias was issued for Waters' VOP. The VOP report alleged that Waters had violated his probation by committing new crimes and by failing to keep a scheduled appointment with his probation officer. The report recommended sentencing Waters to one year of Level V incarceration suspended for one year of Level III probation for Possession of Cocaine and six months of Level V incarceration suspended for thirty days of Level IV VOP Center for Conspiracy in the Third Degree.

(4) At the VOP hearing, Waters' counsel admitted that he was arrested on new charges and failed to report to probation as directed. Waters' counsel asked that he be sentenced to thirty days of Level V incarceration instead of Level IV VOP Center because his new, open charges meant he could not go to Level IV VOP. The Superior Court found that Waters violated his probation. The Superior Court discharged Waters as unimproved on his Possession of Cocaine conviction and sentenced him to six months of Level V on his Conspiracy in the Third Degree conviction. This appeal followed.

2

(5) In his opening brief, Waters does not dispute that he violated his probation. Instead, Waters claims that he signed a guilty plea agreement providing for thirty days of Level V incarceration, he did not receive credit for time he served between April 25, 2016 and his May 12, 2016 VOP hearing, the Superior Court judge was biased, the Superior Court judge failed to make his sentences concurrent, and his counsel was ineffective. Waters appears to confuse guilty plea procedures with VOP procedures. The record reflects that Waters signed a plea agreement for his Possession of Cocaine and Conspiracy in the Third Degree convictions in 2015, but does not reflect that Waters signed a plea agreement for his 2016 VOP hearing. Waters' claims relating to a signed plea agreement for his VOP are without merit.

(6) As to Waters' sentencing claims, our review of a sentence generally ends once we determine that the sentence is within the statutory limits prescribed by the legislature.[1] Once Waters committed a VOP, the Superior Court could impose any period of incarceration up to and including the balance of the Level V time remaining on his sentence.[2] The Level V sentenced imposed for Waters' VOP —six months of Level V incarceration—did not exceed the almost eighteen months of Level V time previously suspended and was within statutory limits. The VOP sentencing order reduced Waters' Level V time to six months and stated that

---

[1] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).
[2] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

the sentence took into consideration all time previously served. The reduction in Level V time more than accounted for any time Waters served between April 25, 2016 and his May 12, 2016.

(7) When the sentence is within the statutory limits, as it is here, this Court will not find an abuse of discretion unless the sentence "is based on factual predicates which are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[3] There is nothing in the record to support Waters' claim that the Superior Court judge was biased in sentencing him. To the extent Waters complains that the Superior Court did not accept the sentencing recommendation in the VOP report, the Superior Court was not obligated to accept the sentencing recommendation of Waters' probation officer.[4]

(8) As to Waters' contention that the Superior Court should have made his VOP sentence for Conspiracy in the Third Degree concurrent, he fails to identify the sentence or sentences that the VOP sentence should have run concurrently with. Waters also ignores that imposition of a concurrent rather than consecutive sentence is within the discretion of the Superior Court.[5] Finally, we decline to consider Waters' ineffective assistance of counsel claims for the first

---

[3] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).
[4] *Lancaster v. State*, 2010 WL 4851829, at *1 (Del. Nov. 29, 2010).
[5] *Fountain v. State*, 139 A.3d 837, 840-41 (Del. 2016) (describing amendment of 13 *Del. C.* § 3901(d) to give judges discretion to impose concurrent or consecutive sentences).

4

time on direct appeal.[6]  Having carefully reviewed the parties' positions and the record below, we conclude that the Superior Court did not err in sentencing Waters for his VOP.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[6] *Watson v. State*, 2013 WL 5969065, at *2 (Del. Nov. 6, 2013); *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).

5